1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONNIE WILLIAMS,

11              Petitioner,              No. CIV S-09-2933 KJM DAD P

12        vs.

13   R. K. WONG,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges the decision of the

18   California Board of Parole Hearings (hereinafter "Board") to deny him parole at his suitability

19   hearing held on November 29, 2007.  Petitioner claims that the Board's decision violated his

20   federal constitutional right to due process.  Petitioner also alleges that the Board improperly

21   required that he attend AA/NA programs, in violation of his First Amendment rights.  Upon

22   careful consideration of the record and the applicable law, the undersigned will recommend that

23   petitioner's application for habeas corpus relief be denied.

24   I. Procedural Background

25              Petitioner is confined pursuant to a 1981 judgment of conviction entered against

26   him in the Alameda County Superior Court on a charge of second degree murder.  (Doc. No. 1 at

1

1   1.) Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison.

2   (Id.)[1]

3           The parole consideration hearing that is placed at issue by the instant federal

4   habeas petition was held on November 29, 2007.  (Id. at 24.)  Petitioner appeared at and

5   participated in that hearing.  (Id. at 27-119; Doc. No. 1-1, at 1-48.)  Following deliberations held

6   at the conclusion of the hearing, the Board panel announced their decision to deny petitioner

7   parole for two years as well as the reasons for that decision.  (Doc. No. 1-1 at 49-61.)

8           Petitioner challenged the Board's 2007 decision denying him parole in a petition

9   for writ of habeas corpus filed in the Alameda County Superior Court.  (Answer, Ex. 1.)  That

10  court denied the petition in a decision on the merits of petitioner's claims.  (Answer, Ex. 2.)

11  Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas

12  corpus filed in the California Court of Appeal.  (Answer, Ex. 3.)  That petition was summarily

13  denied.  (Answer, Ex. 4.)  Petitioner next filed a petition for writ of habeas corpus in the

14  California Supreme Court.  (Answer, Ex. 5.)  That petition was also summarily denied.  (Answer,

15  Ex. 6.)

16          Petitioner then filed his federal application for habeas relief in this court.  Therein,

17  petitioner contends that the Board's 2007 decision finding him unsuitable for parole violated his

18  right to due process because it was not supported by "some evidence" that he posed a current

19  danger to society if released as required under California law.  (Doc. No. 1 at 3-4, 7-14.)

20  Petitioner also alleges that the Board improperly required that he attend AA/NA programs, in

21  violation of his First Amendment rights.  (Id. at 11-12.)

22  II.  Standards of Review Applicable to Habeas Corpus Claims

23          An application for a writ of habeas corpus by a person in custody under a

24  judgment of a state court can be granted only for violations of the Constitution or laws of the

25

26      [1] Page number citations such as this one are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

1    United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

2    interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

3    13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146,

4    1149 (9th Cir. 2000).

5              Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

6    habeas corpus relief:

7              An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
8              not be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of the
9              claim -

10             (1) resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as
11             determined by the Supreme Court of the United States; or

12             (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
13             State court proceeding.

14              For purposes of applying § 2254(d)(1), "clearly established federal law" consists

15    of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

16    Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

17    (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

18    clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

19    859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

20              A state court decision is "contrary to" clearly established federal law if it applies a

21    rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

22    Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640

23    (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

24    grant the writ if the state court identifies the correct governing legal principle from the Supreme

25    /////

26    /////

1    Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]

2    Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

3    F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

4    simply because that court concludes in its independent judgment that the relevant state-court

5    decision applied clearly established federal law erroneously or incorrectly.  Rather, that

6    application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v.

7    Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

8    habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

9    the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

10   precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

11   the state court's decision."  Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

12   (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

13   obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

14   ruling on the claim being presented in federal court was so lacking in justification that there was

15   an error well understood and comprehended in existing law beyond any possibility for fairminded

16   disagreement."  Harrington,131 S. Ct. at 786-87.

17            If the state court's decision does not meet the criteria set forth in § 2254(d), a

18   reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

19   Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

20   Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

21   of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

22   considering de novo the constitutional issues raised.").

23   /////

24   _____

25        [2]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
     overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26   presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
     (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

1    The court looks to the last reasoned state court decision as the basis for the state

2    court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

3    2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

4    from a previous state court decision, this court may consider both decisions to ascertain the

5    reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

6    banc).  "When a federal claim has been presented to a state court and the state court has denied

7    relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

8    of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

9    784-85.  This presumption may be overcome by a showing "there is reason to think some other

10   explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

11   501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

12   no reasoning to support its conclusion, a federal habeas court independently reviews the record to

13   determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860;

14   Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is

15   not de novo review of the constitutional issue, but rather, the only method by which we can

16   determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at

17   853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

18   "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct.

19   at 784.

20   When it is clear, however, that a state court has not reached the merits of a

21   petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

22   federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

23   Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

24   2003).

25   /////

26   /////

1    III.   Petitioner's Claims

2               A.   Alleged Denial of Due Process

3               The Due Process Clause of the Fourteenth Amendment prohibits state action that

4    deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

5    due process violation must first demonstrate that he was deprived of a liberty or property interest

6    protected by the Due Process Clause and then show that the procedures attendant upon the

7    deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

8    490 U.S. 454, 459-60 (1989).

9               A protected liberty interest may arise from either the Due Process Clause of the

10   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

11   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

12   221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

13   Constitution does not, of its own force, create a protected liberty interest in a parole date, even

14   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

15   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

16   person to be conditionally released before the expiration of a valid sentence.").  However, a

17   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

18   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

19   constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

20               California's parole scheme gives rise to a liberty interest in parole protected by the

21   federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

22   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

23   Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

24   this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,

25   ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not

26   disturb our precedent that California law creates a liberty interest in parole.")  In California, a

1  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

2  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

3  Cal.4th 616, 651-53 (2002).

4          In Swarthout, the Supreme Court reviewed two cases in which California

5  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

6  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

7  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

8  requires fair procedures, "and federal courts will review the application of those constitutionally

9  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

10  procedures required are minimal" and that the "Constitution does not require more" than "an

11  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

12  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

13  decisions that went beyond these minimal procedural requirements and "reviewed the state

14  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

15  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

16  the application of the "some evidence" standard to parole decisions by the California courts as a

17  component of the federal due process standard.  Id. at 862-63.[3]  See also Pearson, 2011 WL

18  1238007, at *4.

19          As noted above, petitioner seeks federal habeas relief on the grounds that the

20  Board's 2007 decision to deny him parole, and the findings upon which that denial was based,

21  were not supported by "some evidence" as required under California law.  However, under the

22

23          [3]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1  Supreme Court's decision in Swarthout this court may not review whether California's "some

2  evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also

3  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at

4  *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

5  context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

6  to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

7  Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the

8  decision in Swarthout, California's parole scheme creates no substantive due process rights and

9  any procedural due process requirement is met as long as the state provides an inmate seeking

10 parole with an opportunity to be heard and a statement of the reasons why parole was denied);

11 Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the

12 minimum process required by the Due Process Clause for denial parole under the California

13 system, it made clear that the Clause's requirements were satisfied where the inmates 'were

14 allowed to speak at their parole hearings and to contest the evidence against them, were afforded

15 access to their records in advance, and were notified as to the reasons why parole was denied.'")

16         The federal habeas petition pending before the court in this case reflects that

17 petitioner was represented by counsel at his 2007 parole suitability hearing.  (Doc. No. 1 at 27, et

18 seq.)  As noted above, the record also establishes that at that hearing petitioner was given the

19 opportunity to be heard and received a statement of the reasons why parole was denied by the

20 Board panel.  That is all the process that was due petitioner under the Constitution.  Swarthout,

21 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3;

22 Pearson, 2011 WL 1238007, at *3.  It now plainly appears that petitioner is not entitled to relief

23 with respect to his due process claim.  Therefore, federal habeas relief with respect to that claim

24 should be denied.

25 /////

26 /////

1              B.  Alleged First Amendment Violation

2              Petitioner also claims that the Board's 2007 decision denying him parole violated

3    the Establishment Clause of the First Amendment because it was improperly based on his "lack

4    of participation in more 12 Steps programming." (Doc. No. 1 at 11.)  Petitioner states that the

5    Board "went so far as to tell petitioner that if he could not get into AA or NA, then he could at

6    least check out some books from the library that specifically talks about the 12 Steps

7    themselves." (Id.)  According to petitioner, he was also told by a Board Commissioner that

8    "that's all we're trying to get you to do and it seems as though you're trying to resist that to some

9    degree on the part of this Panel . . . get your butt in there and you know, get some benefit out of

10   it." (Id.)  Petitioner argues that the Board is "enjoined from considering inmates' failure to

11   participate in AA or NA at any point in time, as a basis for denying parole." (Id. at 12.)

12             "It is beyond dispute that, at a minimum, the Constitution guarantees that

13   government may not coerce anyone to support or participate in religion, or its exercise . . . ." Lee

14   v. Weisman, 505 U.S. 577, 587 (1992).  In Inouye v. Kemna, 504 F.3d 705, 713 n.7 (9th Cir.

15   2007), the Ninth Circuit adopted a three part inquiry for purposes of determining whether there

16   has been governmental coercion of religious activity.  The relevant inquiries are: (1) has the state

17   acted; (2) does the state action amount to coercion; and (3) is the object of the coercion religious

18   rather than secular?  504 F.3d at 713.  In the parole suitability context, the first element of the

19   Inouye coercion test is satisfied if the Board expressly states that the prisoner must participate in

20   the faith-based program at issue.[4]  Turner v. Hickman, 342 F. Supp.2d 887, 894-95 (E.D. Cal.

21   2004) (applying "coercion test" to § 1983 action alleging that prisoners were required to

22   participate in a faith-based treatment program as a condition for release on parole).  The second

23   /////

24

25             [4] Programs such as AA and NA are "fundamentally religious" within the meaning of the
26   third element of the coercion test.  Turner v. Hickman, 342 F. Supp.2d 887, 896-97 (E.D. Cal.
     2004).

1   element is met if the Board advises the prisoner he will not be eligible for parole unless he

2   participates in the particular faith-based program.  Id. at 896.

3         Petitioner has failed to establish that he is entitled to federal habeas relief with

4   respect to his First Amendment claim under this standard.  Although the Board panel presiding

5   over petitioner's 2007 suitability hearing discussed the sufficiency of his participation in self-

6   help programming, the panel did not indicate that petitioner was required to participate in AA,

7   NA, or any other faith based substance abuse program in order to be found suitable for parole.

8   Rather, the presiding commissioner merely made the following remarks:

9          . . . the reason we talk at all about AA or NA, is that there are 12
           Steps contained in that self-help program.  **We're not suggesting**
10         **that you have to go to the program itself**, but it is a guide that
           can help you out, sir.  And it takes a lot of time to sit down, and it's
11         painful sometimes, to sit down and reflect on how those steps
           apply to you personally.
12
                                    * * *
13
           **So if you don't choose to go to AA, we're not going to require**
14         **that you do that**.  There's no Panel that's going to do that.

15                                  * * *

16         So that's what we're – **that's what we and that's what other**
           **Panels have tried to get you to do, is to devote yourself to some**
17         **self-help** and look at the area that can help you, not the hypocrisy
           because it's going to be there.  **So we are suggesting that if you**
18         **can't get in an AA group, or you can't get into some other self-**
           **help group, we want to hear that you've at least signed up for**
19         **something.**

20                                  * * *

21         **So we do want you to participate in some self-help**
           **programming, either through book reports or get your butt in**
22         **there** and you know, get some benefit out of it.

23  (Doc. 1-1 at 52-55) (emphasis added)

24         It is clear from the transcript of petitioner's 2007 hearing that the Board was

25  simply urging petitioner to attend some type of self-help program.  The Board's remarks in

26  denying parole did not rise to the level of a First Amendment violation, unlike the situation in

                                    10

1   Turner where a panel member advised the petitioner that his participation in NA was a

2   "mandatory" prerequisite to the Board's parole suitability determination.  342 F. Supp.2d at

3   891-92.  Under the circumstances presented here, the state court's rejection of petitioner's First

4   Amendment claim is not an unreasonable application of clearly established Federal law, nor is it

5   based on an unreasonable determination of the facts in light of the evidence.  See Burnight v.

6   Sisto, No. Civ. S-08-1894 MCE CHS P, 2011 WL 533979, at *3 (E.D. Cal. 2011) (rejecting an

7   identical claim based on a similar record); Baddie v. Sisto, 2:07-CV-0345-FVS, 2010 WL

8   2292274, at *7 (E.D. Cal. June 4, 2010) (Where the Board discussed petitioner's failure to

9   participate in self-help programs such as AA and NA but did not indicate that participation in one

10  of those two specific programs was a condition to being found suitable for parole, the "coercion

11  test" under Turner was not met and habeas relief was denied).

12              Therefore, given this record, petitioner is also not entitled to federal habeas relief

13  with respect to his First Amendment claim in connection with the denial of parole at his 2007

14  suitability hearing.

15  III.  Conclusion

16              Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

17  a writ of habeas corpus be denied.

18              These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within fourteen days after service of the objections.  Failure to file

24  objections within the specified time may waive the right to appeal the District Court's order.

25  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

26  1991).

1        In any objections he elects to file, petitioner may address whether a certificate of

2   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

3   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

4   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

5   Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

6   appealability to review the denial of a habeas petition challenging an administrative decision

7   such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v.

8   Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

9   DATED: June 6, 2011.

10

11   _____

12   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

13   DAD:8
     williams2933.hc

14

15

16

17

18

19

20

21

22

23

24

25

26